DISTRICT OF OREGON
**F I L E D**
February 14, 2012
Clerk, U.S. Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>SEQUOIA VILLAGE, LLC,<br><br>        Debtor.<br><br>SOUTH VALLEY BANK & TRUST,<br><br>        Plaintiff,<br><br>    v.<br><br>SEQUOIA VILLAGE, LLC, *et al.*,<br><br>        Defendants. | Bankruptcy Case<br>No. 11-64880-fra11<br><br><br>Adversary Proceeding<br>No. 11-06220-fra<br><br><br><br><br><br>MEMORANDUM OPINION |

## BACKGROUND

Plaintiff South Valley Bank & Trust (SVBT) filed a complaint against Debtor Sequoia Village, LLC and fifteen other non-debtor defendants in the Circuit Court for Josephine County on February 22, 2011. The complaint contains the following claims: 1) Breach of a Promissory Note - against Sequoia Village only, 2) Foreclosure of HVB Deed of Trust - against Sequoia Village and 12 defendants named as junior interest holders, and 3) Breach of Guaranties - against defendants Charbonneau, Leep, and Carling of America, Ltd.

On October 3, 2011, Sequoia Village filed a bankruptcy petition under chapter 11 and, on the same date, removed the Josephine County action to the Bankruptcy Court. On October 24, 2011, Sequoia Village filed a motion with the Bankruptcy Court for withdrawal of reference and Plaintiff filed an objection thereto.

MEMORANDUM OPINION - Page 1

On November 2, 2011, the Plaintiff filed a motion for remand back to Circuit Court. For the reasons that follow, Plaintiff's motion for remand will be denied. Defendant Sequoia Village's motion for withdrawal of reference will be forwarded to the District Court along with a recommendation by this court that reference be withdrawn.

DISCUSSION

28 U.S.C. § 1452 allows the court to which an action is removed to remand on any equitable ground. "Decisions to remand under 28 U.S.C. § 1452(b) are committed to the sound discretion of the bankruptcy judge. . . ." *In re McCarthy*, 230 B.R. 414, 416 (9th Cir. BAP 1999). In determining whether to remand, the court must weigh such considerations as "judicial economy; comity and respect for state court decision-making capabilities; the effect of remand upon the administration of the related title 11 estate; the effect of bifurcating the claims and parties to an action and the possibilities of inconsistent results; the predominance of state law issues and non-debtor parties; and the prejudice to other parties to the action." *Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1 (E.D.Cal. 1988).

a. Judicial Economy

There is also pending in the U.S. District Court a case filed by Sequoia Village and a related entity, Sequoia Partners, LLC (District Court Plaintiffs), against SVBT (the Plaintiff herein) and the Federal Deposit Insurance Corp. (CV'11-3057 CL). Sequoia Partners is the developer of a commercial real estate project known as Paradise Ranch Resort Golf Course ("Paradise Ranch") and Sequoia Village was formed as part of the plan for financing and development of Paradise Ranch. It is the developer of townhomes in Grants Pass known as Sequoia Village. The District Court case and the litigation currently pending in bankruptcy court involve the Paradise Ranch development and have underlying transactions in common, especially given that Sequoia Village has indicated in its motion for withdrawal of reference that it intends to assert substantially the same counterclaims against SVBT as the claims it asserted in the District Court case.[1]

---

[1] While Sequoia Village has not yet filed an answer in the removed litigation, the court is prepared to take the Defendant at its word.

MEMORANDUM OPINION - Page 2

Judicial economy would best be served by having the two cases heard by the same court rather than in state and federal courts.

b. Administration of Chapter 11 Estate

As the bankruptcy cases of both Sequoia Village and Sequoia Partners depend on the outcome of the matters under litigation, it would serve the best interests of both bankruptcy estates if the matter were heard by the same court with the same time table. It is unclear whether the matter could be heard and ruled upon in a timely manner in state court.

c. Comity and Respect for State Court Decision Making Abilities

This consideration would point toward remand. However, the federal courts are certainly capable of hearing and deciding, both logistically and in expertise, the matters under consideration in this litigation.

d. Effect of Bifurcating

While it may be possible to bifurcate, say, the function of determining the lien interests of various defendants from the remainder of the proceeding, it would be more efficient for all the claims to be heard in the same court, as the claims and defenses rely on a common nucleus of facts.

e. Predominance of State Law Issues and Non-Debtor Parties

The litigation consists of state-law non-core issues related to Sequoia Village's chapter 11 bankruptcy case. This consideration would point to remand. However, the primary defendant in the litigation - with respect to the breach of contract and foreclosure claims - is the Debtor..

f. Prejudice to Parties

Plaintiff argues that a failure to remand would present defendants in Josephine County with an undue hardship to attend court sessions. It should be noted that several of the defendants and the Plaintiff have either Eugene or Portland counsel. Moreover, if the matter were heard in the U.S. Courthouse in Medford, there should be little difference to Josephine County defendants who wish to attend in person.

g) Other Considerations

Plaintiff has argued that the removed litigation is subject to mandatory abstention under 28 U.S.C § 1334(c)(2) because the litigation is based on state-law claims and is related to, but not arising under or

arising in, a bankruptcy case. That provision reads as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11, but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Mandatory abstention is not appropriate in the present circumstances for at least two reasons:

<u>Timeliness</u>

Mandatory abstention requires that a party file a timely motion seeking abstention. No party has filed a motion to this point. Moreover, any motion now filed by Plaintiff would be considered untimely. Local Bankruptcy Rule (LBR) 9029-3 provides that Local Rules of the District Court (LRs) 2100-2300 apply to cases and adversary proceedings in the bankruptcy court. LR 2100-3(c) (Re: Abstention) provides that "to be considered 'timely,' motions of this type . . . must be filed with the movant's first pleading or motion." Plaintiff's first motion provided only for a motion to remand. A second motion to abstain would be considered untimely under LR 2100-3(c).

<u>Parallel Proceeding in State Court</u>

The Ninth Circuit has held with regard to a motion for mandatory abstention, that abstention can only exist where there is a parallel state court proceeding, i.e. "the presence of a pendent state action in favor of which the federal court must, or may, abstain." *Security Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997). However, when a case is successfully removed to federal court, "[n]o other related proceeding thereafter exists." <u>Id</u>. at 1010. Because this litigation was removed to federal bankruptcy court, the proceeding in Josephine County Circuit Court ceased to exist and mandatory abstention is not available.

## CONCLUSION

For the reasons given, remand of the adversary proceeding is not warranted. Instead, the court will recommend to the District Court, by separate memorandum, that it withdraw its reference to this proceeding and consolidate the case with the related case pending in that court. Withdrawal of reference and

MEMORANDUM OPINION - Page 4

consolidation in the District Court will further the goals of judicial efficiency and uniformity of bankruptcy administration.

/s/ Frank R. Alley, III

FRANK R. ALLEY, III
Chief Bankruptcy Judge

MEMORANDUM OPINION - Page 5